IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COUNCIL FOR GLOBAL EQUALITY<br>1220 L Street, NW Suite 100-450<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>vs.<br><br>U.S. DEPARTMENT OF STATE<br>2201 C Street, NW<br>Washington, DC 20520<br><br>*Defendant*. | Case No. 25-cv-2615 |

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Council for Global Equality ("CGE") brings this action against Defendant U.S. Department of State ("State") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff alleges as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper under 28 U.S.C. § 1391(e), as Defendant's headquarters are located in Washington, D.C., within this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

**Parties**

3. Plaintiff Council for Global Equality ("CGE") is a fiscally sponsored project of Community Initiatives, Inc., a not-for-profit organization incorporated under the laws of

California. CGE is based in Washington, D.C. Plaintiff CGE is a coalition of prominent U.S.based human rights and LGBTQI+ advocacy organizations that together encourage a clear U.S. voice for the human rights of LGBTQI+ communities around the world.

4. Defendant State is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C.  State has possession, custody, and control of records to which Plaintiff seeks access.

## Facts

5. State annually releases congressionally mandated Country Reports on Human Rights Practices, commonly referred to as the Human Rights Reports (HRRs).[1]

6. These reports address internationally recognized individual, civil, political, and worker rights, as set forth in the Universal Declaration of Human Rights and other international agreements.[2]

7. In many cases, State's annual reporting on these issues is the most comprehensive annual global survey available. This reporting is heavily relied on by human rights and development experts, businesses, and courts and governmental adjudicators around the world. Other countries use these reports in asylum adjudications and to help shape their own foreign aid engagement. Degrading the accuracy and quality of these reports would thus deprive people around the world of a critical resource.

---

[1] Anne Frederick, et al, *What Are the U.S. Department of State Human Rights Reports?,* CSIS (Apr. 25, 2025), https://www.csis.org/analysis/what-are-us-department-state-human-rights-reports [https://perma.cc/7LVU-5HEF].
[2] *Id*.

8.      Earlier this year, State reportedly directed employees to "streamline" the reports by stripping them down to only that which is legally required.[3] This change raises the significant public concern that the reports will omit key facts about the status of human rights in certain countries favored by the Trump Administration.

9.      Since 2017, these reports have been released in March or April annually.[4] As of the date of this filing, the reports from 2025 have not been published.[5]

*Instructions Request (F-2025-20911)*

10.     On June 17, 2025, CGE sent a FOIA request to State seeking the following:

(1) All instructions provided to drafters and reviewers of Country Reports on Human Rights Practices from January 20, 2025, through the date of the search. This would include updates or amendments to existing instructions.

(2) All instructions provided to drafters and reviewers of Country Reports on Human Rights Practices from July 1, 2024 through January 20, 2025.

(3) Any style guide created or disseminated for use in drafting or editing of Country Reports on Human Rights Practices from January 20, 2025, through the date of the search.

(4) Any cable or ALDAC providing directives, instructions, or guidance regarding (a) the drafting or editing of Country Reports on Human Rights Practices and/or (b) reporting of human rights violations, sent from January 20, 2025, through the date of the search.

---

[3] *Graham Smith, The State Department is Changing its Mind About What it Calls Human Rights,* NPR (Apr. 18, 2025, 5:00 AM), https://www.npr.org/2025/04/18/nx-s1-5357511/state-department-human-rights-report-cuts [https://perma.cc/XZW5-JZVK].
[4] U.S. Department of State*, Country Reports on Human Rights Practices,* https://www.state.gov/reports-bureau-of-democracy-human-rights-and-labor/country-reports-on-human-rights-practices/ [https://perma.cc/WL2H-NEGK].
[5] *Id*.

11. On June 17, 2025, State acknowledged this request and assigned it tracking number F-2025-20911.

12. On June 17, 2025, State updated the status of this request to "received."

13. On August 6, 2025, State emailed CGE to acknowledge the request. The following day counsel for CGE confirmed with State that the request was not "on hold" for "fee-related" reasons as indicated by the automated email message from State.

14. On August 7, 2025, State emailed CGE to update the status of the request to "In Process."

15. CGE has not received any further communication from State regarding this request.

*Communications Request (F-2025-20912)*

16. On June 17, 2025, CGE sent a FOIA request to State seeking the following:

(1) All communications (including emails, memoranda, calendar invitations, and text messages (and similar communications on applications such as WhatsApp and Signal) concerning Country Reports on Human Rights Practices <u>sent</u> by the officials listed below.

    A) Marco Rubio (Secretary)
    B) Christopher Landau (Deputy Secretary)
    C) Allison Hooker (Undersecretary for Political Affairs)
    D) Lisa Kenna (Acting Undersecretary for Political Affairs, Executive Secretary)
    E) Albert Gombis (Acting Undersecretary for Civilian Security, Democracy and Human Rights)
    F) Michael Needham - Counselor
    G) Michael Anton - (S/P)
    H) Riley Barnes (DRL)
    I) Samuel Samson (DRL)
    J) Andrew Veprek - (C)
    K) Caleb Orr - (D & C)

(2) All email communications sent by the officials listed above in Item 1 containing any of the following terms:

    a. "South Africa"

4

       b. Afrikaners
       c. Qatar
       d. "El Salvador"
       e. Bukele
       f. Libya
       g. "South Sudan"
       h. LGB
       i. LGBT
       j. LGBTI
       k. LGBTQI
       l. "Sexual orientation"
       m. "Gender identity"
       n. Lesbian
       o. Gay
       p. Bisexual
       q. Transgender
       r. Queer
       s. intersex

17. On June 17, 2025, State acknowledged this request and assigned it tracking number F-2025-20912.

18. On June 17, 2025, State updated the status of this request to "received."

19. On June 29, 2025, CGE's counsel emailed State to narrow the request to the date range of January 20, 2025, through the date of the search, and to inquire about the status of State's processing of the request.

20. On August 5, 2025, State emailed CGE's counsel asking for a date range for this request. On the same day, State separately emailed CGE's counsel acknowledging the request, and stating the request was assigned to the complex track.

21. On August 5, 2025, CGE's counsel responded to State's email to reiterate that it had narrowed the request to the date range of January 20, 2025, through the date of the search, and to inquire again about the status of State's processing of the request.

22. CGE has received no further communication from State regarding this request.

5

*Directives and Guidance Request (F-2025-20916)*

23. On June 17, 2025, CGE sent a FOIA request to State seeking the following:

> All records reflecting directives, guidance, and instructions the officials below have received from supervisors, Department leadership, or political appointees regarding the drafting or editing of Country Reports on Human Rights Practices, concerning LGBTQI issues or issues concerning the Country Reports of El Salvador, Qatar, South Africa, South Sudan, Libya, Hungary, Israel, Mexico, Russia, Saudi Arabia, or United Kingdom.
>
> 1) Jonathan Mennuti - (DRL)
> 2) Julie Turner - (DRL)
> 3) Monica Jacobsen - (DRL)
> 4) Lynne Sicade - (DRL/MLGA)
> 5) Sam Parker - (C)
> 6) Christina Droggitis - (DRL)
> 7) Gregory Staff - (DRL)
> 8) Jarek Buss - (C)
> 9) Christina Sanford - (L-HRR)
> 10) Alan Krill - DRL/EAP
> 11) Michael Honigstein - DRL/AF
> 12) Jessica Huber - DRL/AF
> 13) Catherine Newling - DRL/WHA
> 14) Christopher Anderson - DRL/EUR
> 15) Noah Krystel - DRL/EUR
> 16) Sam Rothenberg - DRL/NEA
> 17) John Spykerman - DRL/SCA

24. The request sought records from January 20, 2025, through the date of the search.

25. The request also provided State with information about the likely appropriate and efficient manner to search for responsive records:

> Given the specific nature of the documents requested here– instructions, directives, and guidance concerning specific topics–a custodial inquiry of the named custodians here is the most efficient and effective way to conduct a search reasonably-calculated to uncover all relevant documents. Such a search would likely uncover far fewer potentially responsive records than an electronic search using search terms, and these individuals would be best positioned to identify these types of records. Moreover, this request is drafted to uncover records that are unlikely to be exempt from production as they would reflect directions from supervisory staff rather than back-and-forth deliberation.

26. On June 17, 2025, State acknowledged this request and assigned it tracking number F-2025-20916.

27. On June 17, 2025, State updated the status of this request to "received."

28. DFF has received no further communication from State regarding this request.

*Exhaustion of Administrative Remedies*

29. As of the date of the Complaint, Defendant has failed to notify CGE of determinations regarding CGE's requests. Through Defendant's failure to respond within the time limits required by law, CGE has constructively exhausted administrative remedies.

## CLAIM FOR RELIEF

### Count 1 (Violation of FOIA, 5 U.S.C. § 552)

30. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

31. By failing to respond to Plaintiff's requests with determinations within the statutorily mandated time period, Defendant has violated its duties under 5 U.S.C. § 552, including but not limited to, its duties to conduct a reasonable search for responsive records, to take reasonable steps to release all nonexempt information, and to not withhold responsive records.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1. Order Defendant to conduct searches for any and all responsive records to Plaintiff's FOIA requests using search methods reasonably calculated to lead to discovery of all responsive records;

2. Order Defendant to produce, by a date certain, any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3. Enjoin Defendant from continuing to withhold any and all non-exempt responsive records;

4. Award Plaintiff its costs, attorneys' fees, and other disbursements for this action; and

5. Grant any other relief this Court deems appropriate.

Dated: August 11, 2025                    Respectfully submitted,

/s/ *Daniel A. McGrath*

Daniel A. McGrath
(D.C. Bar No. 1531723)
Anisha N. Hindocha*
(D.C. Bar No. 1725159)
Robin F. Thurston
(D.C. Bar No. 7268942)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
dmcgrath@democracyforward.org
ahindocha@democracyforward.org
rthurston@democracyforward.org
Counsel for Plaintiff Council for Global Equality

**pro hac vice* forthcoming